Dear Ms. Hernandez
You have asked substantially the following question:
Does the exemption for retrofitting condominiums with fire sprinkler systems in section 718.112(2)(l), Florida Statutes, apply to residential condominium units located in a mixed-use high rise building?
You state that the David Williams Hotel and Condominium is an existing twelve-story mixed-use building over seventy-five feet in height. It consists of residential condominium units, hotel units, and a restaurant with a 104 person occupancy load. The building currently has partial sprinkler coverage in the hotel rooms and residential condominium units and full sprinkler coverage in the restaurant.[1]
Section 633.025, Florida Statutes, imposes minimum firesafety standards in each municipality, county and special district with firesafety responsibilities.[2] The Florida Fire Prevention Code and the Life Safety Code adopted by the State Fire Marshal are designated as the codes setting forth such minimum standards.[3] Pursuant to the Florida Fire Prevention Code, existing high rise buildings must be protected throughout by an approved automatic sprinkler system.[4]
"High-Rise Building" is defined as "a building greater than 75 ft (23m) in height, where the building height is measured from the lowest level of fire department vehicle access to the floor of the highest occupiable story."[5] The Legislature, however, recognizes with respect to existing buildings that it is not always practical to apply any or all provisions of the minimum firesafety code, and states:
"Prior to applying the minimum firesafety code to an existing building, the local fire official shall determine that a threat to lifesafety or property exists. If a threat to lifesafety or property exists, the fire official shall apply the applicable firesafety code for existing buildings to the extent practical to assure a reasonable degree of lifesafety and safety of property or the fire official shall fashion a reasonable alternative which affords an equivalent degree of lifesafety and safety of property. . . ."[6]
In relation to condominiums, however, section 718.112(2)(l), Florida Statutes, provides:
"There shall be a provision that a certificate of compliance from a licensed electrical contractor or electrician may be accepted by the association's board as evidence of compliance of the condominium units with the applicable fire and life safety code. Notwithstanding the provisions of chapter 633 or of any other code, statute, ordinance, administrative rule, or regulation, or any interpretation of the foregoing, an association, condominium, or unit owner is not obligated to retrofit the common elements or units of a residential condominium with a fire sprinkler system or other engineered lifesafety system in a building that has been certified for occupancy by the applicable governmental entity, if the unit owners have voted to forego such retrofitting and engineered lifesafety system by the affirmative vote of two-thirds of all voting interests in the affected condominium. However,a condominium association may not vote to forego the retrofitting with afire sprinkler system of common areas in a high-rise building. Forpurposes of this subsection, the term 'high-rise building' means abuilding that is greater than 75 feet in height where the buildingheight is measured from the lowest level of fire department access tothe floor of the highest occupiable story. . . ."[7] (e.s.)
Thus, while a residential condominium may vote to exempt residential units from requirements to retrofit with a fire sprinkler system or other engineered lifesafety system, a condominium association may not vote to forego such requirements in the common areas of a high-rise building.
By its plain language, the exemption to retrofit with a fire sprinkler system, is limited to residential condominiums. Section 718.103(23), Florida Statutes, defines a residential condominium is defined as
"consisting of two or more units, any of which are intended for use as a private temporary or permanent residence, except that a condominium is not a residential condominium if the use for which the units are intended is primarily commercial or industrial and not more than three units are intended to be used for private residence, and are intended to be used as housing for maintenance, managerial, janitorial, or other operational staff of the condominium. With respect to a condominium that is not a timeshare condominium, a residential unit includes a unit intended as a private temporary or permanent residence as well as a unit not intended for commercial or industrial use. With respect to a timeshare condominium, the timeshare instrument as defined in s.721.05(35) shall govern the intended use of each unit in the condominium. If a condominium is a residential condominium but containsunits intended to be used for commercial or industrial purposes, then,with respect to those units which are not intended for or used asprivate residences, the condominium is not a residentialcondominium. A condominium which contains both commercial and residential units is a mixed-use condominium and is subject to the requirements of s. 718.404."[8] (e.s.)
Regardless of whether a condominium is residential, mixed use, or commercial, the exception in section 718.112(2)(l), Florida Statutes, does not allow a condominium association to forego retrofitting the common areas of a high rise building. Relative to your inquiry, the statute defining a residential condominium for purposes of the act does not appear to alter the residential status of a condominium unit by the fact that the complex may contain units that are not intended for or used as private residences. The language and punctuation used indicates that condominium units which are commercial or industrial and not used as private residences are not considered residential condominium units by the fact that they are located in a condominium containing residential units. Likewise, residential units do not lose their status by their location in a condominium with commercial or industrial units. A condominium which contains both commercial and residential units is characterized as a "mixed-use" condominium, for purposes of compliance with the requirements in section 718.404, Florida Statutes. Section718.404, Florida Statutes, however, does not address firesafety standards for condominiums.
A review of the legislative history of section 718.112(2)(l), Florida Statutes, indicates that it was enacted to provide a procedure whereby condominium associations and condominium unit owners could exempt themselves from any requirement at law to retrofit any common element or units of an association with a fire sprinkler system.[9] At the time of its enactment, as now, several statutes required compliance with the firesafety code, regardless of the classification of a building.[10]
Accordingly it is my opinion that the exemption from retrofitting condominiums with fire sprinkler systems in section 718.112(2)(l), Florida Statutes, applies to residential condominium units located in a mixed-use high rise, but does not alter the firesafety code requirements for commercial or industrial condominium units, as well as the common area of such a condominium.
Bill McCollum, Attorney General
[1] The Coral Gables Fire Department previously sought a Declaratory Statement from the Florida Department of Financial Services regarding whether mixed-use or high-rise condominiums could forego retrofitting of fire sprinkler systems under current law. The Department of Financial Services declined to interpret the application of Chapter 718, Florida Statutes, due to its being under the jurisdiction of the Department of Business and Professional Regulation. This office has contacted DBPR and been advised that the department has no objection to the issuance of an Attorney General Opinion in this matter.
[2] Section 633.025(1), Fla. Stat.
[3] Id.
[4] Section 13.3.2.22.2, Florida Fire Prevention Code (NFPA) (2004 ed.).
[5] Section 3.3.22.4, Florida Fire Prevention Code (NFPA) (2004 ed.).
[6] Section 633.025(6), Fla. Stat.
[7] See also Rule 61B-23.002(3), Fla. Admin. Code, stating:
"Each association that votes to forego retrofitting of the common elements or units of a residential condominium with a fire sprinkler system or other engineered life safety system or handrails or guardrails by the affirmative vote of two-thirds (2/3) of all voting interests in the affected condominium, shall report the voting results and certification information for each affected condominium to the division on DBPR Form CO 6000-8, RETROFITTING REPORT FOR CONDOMINIUMS, incorporated herein by reference and effective 11-30-04. . . ."
[8] Section 718.404, Fla. Stat., sets forth provisions for mixed-use condominiums as follows:
"(1) The condominium documents shall not provide that the owner of any commercial unit shall have the authority to veto amendments to the declaration, articles of incorporation, bylaws, or rules or regulations of the association.
(2) Subject to s. 718.301, where the number of residential units in the condominium equals or exceeds 50 percent of the total units operated by the association, owners of the residential units shall be entitled to vote for a majority of the seats on the board of administration.
(3) In the declaration of condominium for mixed-use condominiums created after January 1, 1996, the ownership share of the common elements assigned to each unit shall be based either on the total square footage of each unit in uniform relationship to the total square footage of each other unit in the condominium or on an equal fractional basis.
(4) The provisions of this section shall not apply to timeshare condominiums."
[9] See Senate Staff Analysis and Economic Impact Statement, CS/CS/CS/SB 592, Judiciary Committee, Regulated Industries Committee, Commerce, Economic Opportunities, and Consumer Services Committee, April 15, 2003.
[10] See s. 633.025(6), Fla. Stat., discussed in the text, and s.553.895(2), Fla. Stat., stating that "any building which is of three stories or more and for which the construction contract is let after January 1, 1994, regardless of occupancy classification and including any building which is subject to s. 509.215, shall be equipped with an automatic sprinkler system installed in compliance with the provisions of chapter 633 and the rules and codes adopted pursuant thereto."